ANTHONY R. STRAUSS (SBN 72842)
STRAUSS LAW GROUP, A.P.C.
121 N. Fir Street, Suite F
Ventura, California 93001
(805) 641-9992 (phone)
(805) 641-9993 (fax)
ars@strausslawgroup.com

Attorneys for Plaintiff
ORNELLA AKPLOGAN


ROBERT S. NELSON (SBN 220984)
NELSON LAW GROUP
900 Cherry Avenue, Suite 300
San Bruno, CA  94066
(650) 794-2760 (phone)
(650) 794-2761 (fax)
rnelson@nelsonlawgroup.net

Attorneys for Defendant
XCELTECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORNELLA AKPLOGAN, an individual,<br><br>Plaintiff,<br>v.<br><br>XCELTECH, INC., a West Virginia Corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. CV 10-4598 JL<br><br>Assignment:  Honorable James Larson<br>                      U.S. Magistrate Judge<br>                      Courtroom F, 15th Floor<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER** |

Plaintiff Ornella Akplogan ("Plaintiff") and Defendant Xceltech, Inc. ("Defendant") hereby submit this Joint Case Management Conference Statement and [Proposed] Case Management Order and request that the Court adopt it as its scheduling order in this case.

Per the Court's Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement ("CMC Order") of October 12, 2010, the parties met and conferred through lead counsel on December 27, 2010.  During that conference counsel conferred about all matters enumerated in both Fed. R. Civ. P. 26(f) and the CMC Order.  The specific topics the parties conferred about, and the agreements and/or arrangements they made for each topic, are as follows:

**1.  Jurisdiction and Service.**

This is an alleged breach-of-contract and unpaid wage case over which this Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332. Plaintiff has also alleged federal question jurisdiction pursuant to 28 U.S.C.  Section 1331 because, among other things, this action arises, in part, under the Immigration and Nationality Act of 1952, 8 U.S.C. § 1100 et seq. in that Defendant XCELTECH is alleged to have not compensated Plaintiff for non-productive time as required in said Act.  To date, however, Plaintiff has not pleaded any causes of action under the INA.

Defendant foresees a possible jurisdictional issue if Plaintiff amends her Complaint to add a claim for "benching" under federal immigration law.  Defendant contends that benching claims must first be adjudicated by the federal Department of Labor before being filed in Court.

Barring that, there are no current issues involving personal jurisdiction or venue.

Plaintiff initially filed her Complaint on October 12, 2010.  On December 2, 2010, Plaintiff served Defendant with a Notice of the Complaint and Request for Waiver of Service. Defendant's attorney executed and returned the Waiver of Service, which was then filed on January 6, 2011.  Per the Waiver of Service, Defendant's answer to Plaintiff's Complaint is due to be filed on January 31, 2011.

**2.  Facts.**

**a.     Summary**

*Plaintiff's Assertions:*

Plaintiff is a citizen of Benin and holds a Masters of Business Administration from Suffolk University in Massachusetts. In or about June 2006, she entered into an agreement with Defendant XCELTEC whereby Defendant agreed to employ her and obtain an H-1B visa for her so that she could work in the United States. As an employer of a worker under an H-1B visa, Defendant was obligated to pay Plaintiff for all time worked and for any non-productive time in which she was able to work but there was no available work for her. Defendant further agreed to pay Plaintiff at the rate of $25 per hour for the first eighteen pay periods and then $36 per hour for subsequent pay periods. Pursuant to the Agreement, Plaintiff was to work for Defendant under the terms of the Agreement at least until the expiration of her H-1B visa. Plaintiff, in exchange, was to be employed by Defendant for the duration of the Agreement.

At the time she entered into the employment agreement with Defendant, she was unaware of the fact that Defendant was in reality a staffing service or "job shop" that placed employees in various jobs throughout the United States. As such, Plaintiff was first placed with Fireman's Fund in Novato, California where she worked from approximately August 14, 2006 until November 1, 2007. That job ended and she was not again employed until March 17, 2008 when she went to work for Wells Fargo Bank in San Francisco working there until December 12, 2008 when she went on maternity leave which ended on March 12, 2009. She remained employed by Defendant (but did not work or receive compensation) after that date until March 22, 2010 when she was terminated.

Employers are required to pay H-1B employees the wages for both productive and non-productive time. Employment-related nonproductive time, or "benching," results from lack of available work or lack of the individual's license or permit. 8 U.S.C. § 1182(n)(2)(c)(vii); 20 C.F.R. § 655.731(c)(7)(i). The employer's duty to pay the required wage ends when a bona fide termination occurs, but if the employer rehires the "laid off" employee, a bona fide termination is not established. 20 C.F.R. § 655.731(c). An employer need not pay wages for H-1B visa workers in nonproductive status at their voluntary request or convenience. Id.

Here, Defendant did not pay Ms. Akplogan while in between projects except for a short

two week period in which she performed service directly for Defendant. The first bench period lasted approximately 771 hours. The second, which began upon her return from pregnancy leave and lasted until the termination of her employment on or about March 22, 2010, lasted about 2,137 hours. At her hourly rate of $25, Ms. Akplogan is owed $19,285.71 for the first bench period. At the increased hourly rate of $36, Ms. Akplogan is owed $76,937.14 for the second bench period. The total for unpaid bench time is therefore $96,222.86. Subtracting the $3,242.00 Defendant paid her for the short, in-house project she completed during the second bench period, the grand total amount Defendant owes Ms. Akplogan for unpaid bench time is $92,980.86. It is this amount that Ms. Akplogan now claims.

*Defendant's assertions:*

Defendant employed Plaintiff from approximately August 2006 through December 2009. Defendant was an immigrant employed pursuant to an H-1B work visa.

Per the terms of the visa, Plaintiff had a part-time job working at least 10 hours per week at a rate of $25.00 per hour. Plaintiff worked from approximately August 2006 to November 2007, at which time she requested extended vacation leave. Plaintiff then worked from March 2008 to November 2008, when she went out on maternity leave. Plaintiff remained on maternity leave until the end of her employment.

    **b.**    **Key facts in dispute**

        **i.**    **From Plaintiff**

- What were the terms of Plaintiff's employment?
- What were the periods of time that Plaintiff was ready and able to work but there was no available work for her?
- Were the job opportunities presented to Plaintiff during the period she was able to work suitable job alternatives?

        **ii.**    **From Defendant**

- What terms of employment (if any) were promised to Plaintiff (i.e., how many hours per week at what rate)?

- Were the "non-productive" times in Plaintiff's employment caused by Plaintiff herself (either because she requested them, and/or because she was not able to perform work that was offered to her)?
- Did Plaintiff perform any work for which she was not compensated?

3. **Legal Issues.**

  a. **From Plaintiff**

  - What were Defendant's obligations under contract to compensate plaintiff during non-productive times?
  - What were Defendant's obligations under Federal law to compensate Plaintiff for time on the "bench"?
  - Did Defendant violate California Wage and Hour laws as they relate to Plaintiff's employment by requiring her to actively seek and apply for job placement opportunities without compensation?
  - Did Defendant's practice of refusing to pay Plaintiff for non-productive time constitute unfair competition under California law in violation of Business and Professions Code section 17200, et seq. because it gave Defendant an unfair advantage in its industry?

  b. **From Defendant**

  - Did Plaintiff and Defendant make a binding contract for employment for a set period of time?
  - Did Defendant ever "bench" Plaintiff, as that term is defined by federal immigration law?
  - If Plaintiff is claiming benching, are her claims preempted by federal immigration law?
  - If Plaintiff is claiming benching, what is the applicable statute of limitations for her claims (Defendant contends it is no longer than two years)?
  - Can Plaintiff make claims for "wages" under the California Labor Code for time during which she was allegedly benched (i.e., time during which Plaintiff admits that she was not working)?

- Can Plaintiff recover benching remedies under Business & Professions Code Section 17200, which generally only affords restitution?

### 4. **Motions.**

There are no pending motions at this time.

During the meet-and-confer conference on December 27, Plaintiff's attorney said that Plaintiff would consider voluntarily dismissing her claims for wages and/or restitution under the California Labor Code and Business & Professions Code Section 17200. If Plaintiff will not voluntarily dismiss those claims, Defendant will bring a Motion for Summary Judgment (full or partial) pursuant to FRCP Rule 56.

Plaintiff may also move to amend her Complaint by adding a claim for "benching" under federal immigration law.

### 5. **Amendment of Pleadings.**

As already noted, Plaintiff may move to add a benching claim to her Complaint.

### 6. **Evidence Preservation.**

Plaintiff and Defendant have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including by distributing document hold memoranda to relevant people.

### 7. **Disclosures.**

The parties have stipulated to make all disclosures required by Fed. R. Civ. P. 26 on or before February 11, 2011. Those disclosures will include: the names and contact information of witnesses who support and/or refute the various claims and defenses that have been made in this case so far; descriptions of documents (and/or copies of the documents themselves) that support and/or refute the parties' respective claims and defenses; and documents that support and/or refute Plaintiff's computation of damages.

**8. Discovery.**

The parties have conferred about discovery and a discovery plan, as required by Fed. R. Civ. Proc. 26(f). Neither party anticipates any need for discovery beyond the presumptive limits imposed by the FRCP and/or this Court's Local Rules.

The parties expect to take the following discovery in this case:

- Requests for written discovery (to the extent they are still needed after Initial Disclosures), to be completed before April 1, 2011;
- Deposition of Plaintiff, to be completed before June 1, 2011;
- Depositions of Defendant's managers and/or employees, to be completed before July 1, 2011;
- Depositions of percipient witnesses, to be completed before August 1, 2011.

**9. Related Cases.**

The parties are not aware of any related cases pending at this time.

**10. Relief Sought.**

Plaintiff is seeking compensation for "non-productive" time during which she did not work (i.e., time during which she was allegedly benched); injunctive relief; and costs and attorneys' fees.

**11. Settlement and ADR.**

The parties have discussed the possibility of engaging in ADR; the specific ADR methods the parties would prefer; and a proposed timeline in which ADR will occur.

Pursuant to the parties' discussions, the parties have stipulated to Court mediation within the presumptive 90-day deadline.

The parties have complied with the ADR certification requirements of Civil L.R. 16-8(b).

**12. Consent to Magistrate Judge.**

All parties in the case consent to the assignment of a Magistrate Judge for all further proceedings, including trial.

### 13. Other References.

This case is not appropriate for reference to any other adjudicative or arbitrative panels.

### 14. Narrowing of Issues.

Defendant contends that the case can be significantly narrowed based on the issue of whether Plaintiff can make statutory wage claims for non-productive time; if not, then Plaintiff's second through fourth claims must be dismissed.

### 15. Expedited Schedule.

The parties agree that this case is not amenable to expedited scheduling with streamlined procedures.

### 16. Scheduling.

The parties propose the following dates for trial-related deadlines:

- Designation of expert witnesses, July 18, 2011, or thereabout;
- Discovery cut-off, August 22, 2011, or thereabout;
- Hearing of dispositive motions, September 12, 2011, or thereabout;
- Pretrial conference, October 10, 2011, or thereabout; and
- Trial, November 7, 2011, or thereabout.

### 17. Trial.

The parties request that trial in this case be scheduled no earlier than November 7, 2011, or thereabout.

### 18. Disclosure of Non-party Interested Entities or Persons.

On October 12, 2010, Plaintiff filed a FRCP Rule 7.1 Disclosure and Civil L.R. 3-16 Certificate of Interested Entities or Persons indicating the person and/or entities with interests in this litigation. Defendant will file an FRCP Rule 7.1 Disclosure and Civil L.R. 3-16 Certificate of Interested Entities or Persons indicating the person and/or entities with interests in the this litigation, if any, when it files its Answer to Plaintiff's Complaint.

Dated: January 12, 2011            STRAUSS LAW GROUP, A.P.C.


                                   By: _____/S/_____
                                        Anthony R. Strauss
                                   Attorneys for ORNELLA AKPLOGAN



Dated: January 12, 2011            NELSON LAW GROUP


                                   By:_____/S/_____
                                        ROBERT S. NELSON
                                   Attorneys for XCELTECH, INC.



**I HEREBY ATTEST THAT I HAVE ON FILE ALL HOLOGRAPH SIGNATURES FOR ANY SIGNATURES INDICATED BY A "CONFORMED" SIGNATURE (/S/) WITHIN THIS E-FILED DOCUMENT.**

00041280

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____    _____
                                           United States Magistrate Judge
                                           The Honorable James Larson